IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRAD HOLDER,

           Petitioner,                      ORDER

v.

                                    10-cv-702-wmc

ANA BOATWRIGHT, Warden,
New Lisbon Correctional Institution.

           Respondent.

On October 24, 2011, this court dismissed petitioner Brad Holder's petition for a writ of habeas corpus under 28 U.S.C. § 2254, finding no evidence that Holder was held in custody in violation of the laws, treaties or Constitution of the United States. In that order, petitioner's request for a certificate of appealability was denied. Now, petitioner has filed a notice of appeal. Although the court did not receive Holder's motion until November 29, 2011, his notice of appeal is dated November 22, 2011. Under the mailbox rule, the document was deemed filed when delivered to the prison authorities on November 22, 2011, *Houston v. Lacke*, 487 U.S. 266 (1988), and therefore the notice of appeal is considered timely filed.

Because Holder has not paid the $455 fee for filing an appeal, the court construes his notice as a request for leave to proceed *in forma pauperis* on appeal. Petitioner's appeal is not subject to the 1996 Prison Litigation Reform Act. *Walker v. O'Brien*, 216 F.3d 626, 628-629 (7th Cir. 2000) ("the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254 or 2255"). In determining whether a petitioner is eligible for indigent

status on appeal under 28 U.S.C. § 1915, however the court must also find that (1) the petitioner does not have the means to pay the $455 fee for filing his appeal and (2) the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) and (3). The court finds that the appeal is taken in good faith.

In determining whether a habeas corpus petitioner is eligible for pauper status, the court applies the formula set out in 28 U.S.C. § 1915(b)(1). Specifically, from the petitioner's trust fund account statement for the six-month period immediately preceding the filing of his appeal, the court adds the deposits made to petitioner's account and calculates 20% of the greater of the average monthly deposits or the average monthly balance in the account. If the 20% figure is more than the fee petitioner owes for filing his appeal, he may not proceed *in forma pauperis*. If the 20% figure is less than $455, he must prepay whatever portion of the fee the calculation yields.

The court cannot tell whether Holder qualifies for indigent status on appeal because he has not submitted a trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. Therefore, the court will stay a decision on Holder's request for leave to proceed *in forma pauperis* pending his submission of the necessary trust fund account statement.

ORDER

IT IS ORDERED that a decision whether petitioner may proceed *in forma pauperis* on appeal is STAYED. Petitioner may have until December 30, 2011 in which to submit a trust fund account statement for the six-month period beginning approximately May 22, 2011,

and ending approximately November 22, 2011.  If the petitioner fails to submit the necessary trust fund account statement by December 30, 2011, the court will deny his request for leave to proceed *in forma pauperis* on appeal for his failure to show that he is entitled to indigent status.

    Entered this 8th day of December, 2011.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                         District Judge